OPINION AND JOURNAL ENTRY
This cause comes on appeal from a judgment entry filed on December 10, 1998 which overruled a motion to suppress evidence which had been filed by the defendant. Timely appeal was thereafter filed on January 6, 1999. Criminal trial has been continued until disposition of this appeal.
The docket record of this court reflects that on April 27, 1999 appellant filed a merit brief asserting error in overruling the motion to suppress evidence. On July 13, 1999 appellee, State of Ohio, within the time extended for filing an answer brief, filed a motion to dismiss this appeal for lack of a final order.
For the reasons that follow we sustain the motion and dismiss this appeal.
Revised Code Section 2505.02 (B) states in relevant part:
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 "(3) An order that vacates or sets aside a judgment or grants a new trial;
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
Appellant's argument is that the ruling on the motion to suppress is an order that denies a provisional remedy. By R.C.2505.02 (A) (3), a provisional remedy is defined as follows:
 "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence."
In support of its motion to dismiss, the State cites to the recent Eleventh District Court of Appeals decision in State v.Jones (Jan. 29, 1999), Portage App. No. 98-P-0116, unreported. The Jones court held that the overruling of a motion to suppress evidence was not an appealable order under the revised statute. It reasoned that:
 "In the present case, any issue surrounding the trial court's judgment overruling the appellant's motion to suppress evidence will continue to exist until the criminal trial is concluded. Appellant is not denied `effective or meaningful relief' until the issues surrounding a motion to suppress evidence are reviewed with all other alleged errors following a trial. This assumes that the appellant has not been acquitted.
 "The appellant's legal rights can thoroughly be protected at the conclusion of this matter. They can be effectively examined and appropriate relief granted when the case is terminated by way of trial or by pleading to the charges while reserving appellate review of the denied motion to suppress evidence. As a result, any appeal of a motion to suppress is not a final appealable order. This result is no different than that conclusion reached in cases reviewing this issue prior to the amendment of Rd. 2505.02 holding that trial court orders denying motions to suppress in criminal cases were not final orders. State v. Denton-Boyer (May 26, 1998), Clermont App. No. CA97-11-096, unreported; City of Cleveland v. James Iacampo (Dec. 27, 1990), Cuyahoga App. No. 57796, unreported.
 "Therefore, this court concludes, as it previously has, that `an appellant still must demonstrate that appropriate relief would be foreclosed in the absence of the immediate review of the trial court judgment entry he is currently attempting to appeal.' See State v. Wendel (Nov. 21, 1997), Portage App. No. 97-P-0068, unreported.
 "For the foregoing reasons, the order here is a provisional order not qualifying as a final appealable order, and this court lacks jurisdiction to review the order overruling the motion to suppress."
The reasoning expressed by our sister appellate district has been adopted in this court's recent decision of State v.Ricciardi (Oct. 8, 1999), Mahoning App. No. 98 C.A. 184, unreported. We reaffirm that decision and hold that the overruling of a motion to suppress evidence is not a final appealable order as defined by Section 2505.02 of the Ohio Revised Code.
Motion to dismiss is sustained. Appeal dismissed. Costs taxed against appellant. Cox, P.J., dissents. See dissenting opinion.
 ________________________________ EDWARD A. COX, PRESIDING JUDGE
 ________________________________ JOSEPH J. VUKOVICH, JUDGE
 ________________________________ CHERYL L. WAITE, JUDGE